UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARILYN RAMOS,

        **Plaintiff,**

v.                                          Case No:   6:20-cv-1448-Orl-78EJK

FRONTIER AIRLINES, INC. and
UNITED AIRLINES, INC.,

        **Defendants.**
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Costs, which the Court interprets as a Motion to Proceed *In Forma Pauperis* (the "Motion"), filed August 11, 2020. (Doc. 2.) Upon review of the Motion and the Complaint (Doc. 1), the Motion is due to be taken under advisement, to give Plaintiff an opportunity to file an Amended Complaint.

Plaintiff instituted this action against Defendants Frontier Airlines, Inc. and United Airlines, Inc. for failing to ensure that the runway was clear and safe for landing. (Doc. 1 at 4.) As a result of their alleged negligence, Plaintiff is demanding $150,000 in damages, representing medical expenses, loss of income, mental anguish, pain and suffering, and bath faith. (*Id.*)

An individual may be allowed to proceed *in forma pauperis* if she declares in an affidavit that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be

granted" or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*. *See id.*

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Still, the Supreme Court has cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. *See id.* at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (internal quotation marks omitted); *see also Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (per curiam).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. Fed. R. Civ. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. Fed. R. Civ. P. 10. Relevant facts should be segregated to each of their respective claims. *See Beckwith v. Bellsouth Telecomms., Inc.*, 146 Fed. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. *See Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995).

First, the Court must determine whether Plaintiff has adequately pleaded subject matter jurisdiction as federal courts have "an independent obligation" in every case "to determine whether

subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Based on the form Plaintiff completed to institute this action, it is evident that Plaintiff is attempting to invoke the Court's diversity jurisdiction, 28 U.S.C. § 1332. (*Id.* at 1) (showing on the form that the Court has jurisdiction pursuant to 28 U.S.C. § 1332).

Diversity jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiff and the defendant(s) and the amount in controversy is over $75,000.00. 28 U.S.C. § 1332; *Owen Equip. and Recreation Co. v. Kroger*, 437 U.S. 365, 373 (1978). While Plaintiff has adequately alleged an amount in controversy over $75,000 ($150,000), she has failed to demonstrate that there is complete diversity between herself and Defendants, Frontier Airlines and United Airlines. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation's citizenship is determined by both the corporation's state of incorporation[1] and its principal place of business. Thus, for diversity to exist between a plaintiff and a corporation defendant, both the defendant's principal place of business *and* state of incorporation must be diverse, or in other words, different than the plaintiff's citizenship.

In the Complaint, Plaintiff alleges that she is a citizen of the state of Florida. (Doc. 1 at 3.) When prompted to state Defendants' citizenships, she included only the citizenship of Frontier Airlines, and not United Airlines. (*Id.* at 3.) Without information on Defendant United Airlines' citizenship, the Court is unable to determine whether there is diversity between Plaintiff and Defendant United Airlines. Upon amending the Complaint, that is, filing a new "Complaint for a

---

[1] A corporation's "state of incorporation" refers to the state where the company was incorporated. For example, if a company is incorporated in Florida, then it is a Florida corporation, and would be a citizen of Florida for diversity purposes.

Civil Case Alleging Negligence" form, Plaintiff should include Defendant United Airlines' information under the section "The Defendant(s)."

The Court also cannot determine whether there is complete diversity between Defendant Frontier Airlines and Plaintiff. When prompted, Plaintiff indicated that Frontier Airlines is "incorporated under the laws of (*foreign nation*) Florida, and has its principal place of business in (*name*) Colorado." (*Id.* at 3.) As a preliminary matter, Florida is not a "foreign nation;" when filing an amended Complaint, Plaintiff should ensure that she is completing the form accurately. Second, as alleged, Defendant Frontier Airlines is a citizen of both Florida and Colorado; thus, complete diversity does not exist between Plaintiff and Defendant Frontier Airlines.

Because the Court cannot determine whether there is diversity jurisdiction, Plaintiff will be given an opportunity to amend and cure the above-mentioned defects in her complaint.

Accordingly, is it hereby **ORDERED** that Plaintiff's Motion (Doc. 1) is **TAKEN UNDER ADVISEMENT**. Plaintiff shall file an amended complaint that cures the defects outlined in this Order **on or before September 18, 2020**. <u>If Plaintiff fails to file an amended complaint addressing the concerns outlined in this Order by this date, it may result in the dismissal of Plaintiff's case without further notice.</u>

**DONE** and **ORDERED** in Orlando, Florida on August 18, 2020.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties