## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MARILYN RAMOS,**

                **Plaintiff,**

**v.**                                           **Case No:   6:20-cv-1448-Orl-78EJK**

**FRONTIER AIRLINES, INC. and**
**UNITED AIRLINES, INC.,**

                **Defendants.**

_____/

## ORDER

This cause comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees and Costs, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2), filed August 11, 2020. On August 18, 2020, I took the Motion under advisement and directed Plaintiff to file an amended complaint that properly alleges Defendants' citizenship. (Doc. 3.) Plaintiff timely filed her Amended Complaint, wherein she resolves the issues I addressed in my previous Order. (Doc. 8.) Moreover, the Court has reviewed the Motion and finds that Plaintiff is unable to pay the costs of this action pursuant to 28 U.S.C. § 1915(a). Accordingly, the Motion is **GRANTED**. Plaintiff shall be permitted to proceed *in forma pauperis* without the prepayment of fees or costs or security therefor.

Plaintiff shall obtain the required forms on the Court's website[1] and return the completed summons (AO 440) and Marshal 285 form for each Defendant to the Clerk **on or before September 25, 2020**. The Court advises Plaintiff to fully and carefully fill out each form. The

---

[1] The summons, AO 440, and Marshal 285 form can be found here: https://www.flmd.uscourts.gov/forms/all.

Clerk is directed to provide the completed summonses and Marshal 285 forms to the United States Marshal. Upon receipt of the completed summonses and Marshal 285 forms, **the United States Marshal is directed to serve the summonses without cost to Plaintiff**.

Ramos is representing herself in this case. Unless and until she hires a lawyer, all pleadings and papers shall be served on her at 491 Noelwood Ct. Ocoee, FL 34761. If Ramos's contact information changes, it is her responsibility to file a paper informing the Court, Plaintiff, and the other Defendants of the new information.

Because Ramos is proceeding *pro se*, the Court will take the opportunity to inform her of some, but not all, of the procedural rules with which she must comply. The Court reminds Ramos of these obligations because *pro se* litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure ("Rule(s)"), and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule(s)").[2]

Ramos shall not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party. All documents filed with the Court

---

[2] The parties are hereby reminded that all filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. The Local Rules are available for review on the Court's website at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the law libraries of state and federal courthouses.

must be in the form of a pleading, *see* Fed. R. Civ. P. 7(a), or a motion, *see* Fed. R. Civ. P. 7(b). Each pleading, motion, notice, or other paper shall be presented in a separate document. In addition, all documents filed with the Court by Ramos must include a caption (the same as is set forth in this Order); a brief title that describes the nature of the document; the filing party's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Ramos must bear her original signature or they will be rejected by the Court. Among other things, the signature serves as the party's certification, pursuant to Rule 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Ramos is advised to review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motions, or other papers filed with the Court by Ramos must also include a signed Certificate of Service. The Certificate of Service is confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., email, U.S. Mail; Federal Express; hand delivery).

All requests for relief from, or action by, the Court must be in the form of a motion. *See* Fed. R. Civ. P. 7(b). If Ramos seeks any relief from, or action by the Court, or seeks the entry of an order of any kind, she must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Rules and the Local Rules. All motions must

be accompanied by a legal memorandum with citation of authorities in support of the relief requested. *See* Local Rule 3.01(a). However, the motion and memorandum cannot exceed twenty-five (25) pages in length except with prior leave of Court. *See id.*

Ramos is advised that prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel in a good faith attempt to resolve the issue. Ramos must include a certification in the motion that she has complied with this requirement and shall also notify the Court whether the parties agree on the relief requested. Local Rule 3.01 also sets forth several other important requirements and rules governing motions filed with the Court. Failure to comply with these requirements or any other rule may result in the denial of the motion.

Ramos is also cautioned that she must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including the striking of pleadings.

Local Rule 3.01(b) further requires that any brief or legal memorandum in opposition to a motion must be filed within fourteen (14) days after being served with that motion by opposing counsel. Ramos must timely respond to the motions filed by other parties in this case, for if she does not timely respond to such a motion, the Court may assume that she does not oppose that motion and the relief requested therein. If Ramos misses a filing deadline she must file a motion seeking leave of Court to file the document out of time.

Lastly, Ramos is reminded that, although she is proceeding pro se, she is not relieved of all of the obligations that rest upon an attorney. There are still many requirements with which she must comply, including those imposed by the Rules and the Local Rules. Ramos is warned that the failure to comply with these requirements and obligations can have significant consequences. While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and

should not be relied upon as limiting Ramos's duties and obligations in litigating this case. Ramos is referred to the Court's website at http://www.flmd.uscourts.gov. There is a section titled "For Litigants" with additional helpful information.

      **DONE** and **ORDERED** in Orlando, Florida on September 3, 2020.

                                                   EMBRY J. KIDD
                                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties