98213-7

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASE NO. 6:20-cv-1448-ORL-78EJK

MARILYN RAMOS

    Plaintiff

vs.

FRONTIER AIRLINES, INC. and
UNITED AIRLINES, INC.

    Defendants
_____/

## DEFENDANT UNITED AIRLINES, INC.'S MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant, United Airlines, Inc. ("UAL"), by and through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), hereby moves for dismissal of Counts One and Two against UAL, as Plaintiff has failed to meet the appropriate pleading standard under Rule 8(a), and has otherwise failed to state a cause of action against UAL.

### BACKGROUND[1]

This matter arises from Plaintiff, Marilyn Ramos's April 13, 2019 flight aboard Frontier Airlines, Inc. ("Frontier") Flight No. 1103. (*See* Compl. ¶¶ 1, 6.) Plaintiff alleges she was a "seated and buckled" passenger in an aisle seat of the subject aircraft,

---

[1] The facts alleged in Plaintiff's Complaint are given the presumption of truth solely for purposes of resolving this Motion to Dismiss, as required under the applicable pleading standard. However, nothing stated herein should be considered an admission of Plaintiff's assertions in the Complaint.

CASE NO. 6:20-cv-1448-ORL-78EJK

and immediately after landing, a UAL cargo van "crossed directly in the path of the plane . . . ." (*Id.* ¶¶ 8, 10.) As a result of the UAL cargo van coming into the path of the airplane, the pilot had to "apply the brakes in a manner to make the plane come to a complete stop abruptly causing the plane to jerk and bounce violently until it stopped." (*Id.* ¶ 10.)

Plaintiff claims she "was jerked forward and back and bounced up and down in her seat" on the aircraft. (*Id.* ¶ 12.) Plaintiff further asserts she felt "some nausea and slight dizziness" in the moment, but did not experience discomfort in her neck and upper shoulder until later that evening. (*Id.* ¶¶ 12, 13.) Five days after the purported incident, on April 18, 2019, Plaintiff appeared at Health Central Hospital on April 18, 2019 for her alleged injuries. (*Id.* ¶ 15.)

On August 11, 2020, Plaintiff, who appears *pro se*, filed a Complaint for Damages [ECF No. 1] in this case. More recently, Plaintiff filed this amended "Complaint for Damages" [ECF No. 8] on September 1, 2020, following a Court Order requiring the same. Plaintiff's Complaint brings two purported, co-mingled causes of action against Defendants UAL and Frontier for: (1) gross negligence (Count One); and (2) emotional distress (Count Two). (*See generally* Compl.) Notably, Plaintiff's Complaint fails to meet the applicable pleading standards, and further fails to state a cause of action under Rule 12(b)(6). Consequently, Plaintiff's Complaint should be dismissed.

CASE NO. 6:20-cv-1448-ORL-78EJK

## MEMORANDUM OF LAW

**A.     Legal Standards**

*1.     Federal Rule of Civil Procedure 8(a)*

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives fair notice to each defendant. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). Although a complaint against multiple defendants is usually read as making the same allegation against each defendant individually, *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997), "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Accordingly, at times, a plaintiff's 'grouping' of defendants in a complaint may require a more definite statement." *George & Co. v. Alibaba.com, Inc.*, No. 2:10–cv–719–FtM–29DNF, 2011 WL 6181940, at *2 (M.D. Fla. Dec.13, 2011) (citations omitted).

Indeed, a complaint that "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct" fails to satisfy Rule 8. *Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04–60602 CIV, 2006 W L 4590705, at *5 (S.D. Fla. Apr. 14, 2006); *see also DeSisto Coll., Inc. v. Line*, 888 F.2d 755, 764 (11th Cir. 1989) (affirming the district court's decision to sanction plaintiff's counsel when the plaintiff's third amended complaint did not comply with the district court's order

CASE NO. 6:20-cv-1448-ORL-78EJK

requiring the plaintiff to separate the counts for the defendants' actions taken in their individual capacity from those taken in their official capacity).

### 2. *Federal Rule of Civil Procedure 12(b)(6)*

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

**B.** **Analysis**

> *1.  Plaintiff's Complaint improperly co-mingles causes of action against both defendants, and should be dismissed.*

When a complaint alleges that several defendants are liable for multiple claims, courts must determine whether the complaint gives fair notice to each defendant. *See Ramos v. Cty. of Miami Dade*, No. 12-21888-CIV, 2012 WL 3962436, at *3 (S.D. Fla. Sept. 10, 2012). A complaint that simply "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct" fails to satisfy Rule 8. *Lane v. Capital Acquisitions & Mgmt. Co.,* No. 04–60602 CIV, 2006 W L 4590705, at *5 (S.D. Fla. Apr. 14, 2006). *Cf. DeSisto College, Inc. v. Line*, 888 F.2d 755, 764 (11th Cir. 1989) (affirming the district court's decision to sanction plaintiff's counsel when the plaintiff's third amended complaint did not comply with the district court's order requiring the plaintiff to separate the counts for the defendants' actions taken in their individual capacity from those taken in their official capacity). That is precisely what Plaintiff has done here.

Counts One and Two make allegations against the "Defendants", without ascribing particular conduct to any specific defendant. Indeed, in Count One there are allegations regarding standards of care attributable to a "common carrier," despite the fact Plaintiff has alleged UAL was not acting as a common carrier to Plaintiff at the time of this incident. (Compl. p. 12.) Similarly, Count Two baldly claims "Defendants owed a duty to the plaintiff" without stating what duty, if any, was owed by either named Defendant. Consequently, Plaintiff's co-mingled pleading of the two causes of action runs afoul of Rule 8(a) and justifies dismissal. *See Carter v. Courtesy Auto. Grp.*, No.

CASE NO. 6:20-cv-1448-ORL-78EJK

8:13-CV-143-T-30TBM, 2013 WL 1442172, at *1 (M.D. Fla. Apr. 9, 2013) ("[E]ven in the case of pro se litigants ... leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir.1998)).

> 2. *Plaintiff's Count One for Gross Negligence fails to plead the required elements for gross negligence, and should be dismissed.*

Plaintiff's Complaint fails to plead the necessary elements of gross negligence under Florida law. In Florida, "[g]ross negligence . . . is defined as an act or omission that a reasonable prudent person would know is likely to result in injury to another." *Boston ex rel. Estate of Jackson v. Publix Super Mkts, Inc*., 112 So. 3d 654, 658 (Fla. 4th DCA 2013) (quoting *Eller v. Shova*, 630 So. 2d 537, 541 n.3 (Fla. 1993)). Gross negligence "requires that a defendant have 'knowledge of the existence of circumstances which constitutes a clear and present danger and yet still undertakes a conscious, voluntary action or omission . . . which is likely to result in injury.'" *F.D.I.C. v. Florescue*, No. 8:12-cv-2547-T-30TBM, 2013 WL 2477246, at *6 (quoting *Cent. State Transit & Leasing Corp. v. Jones Boat Yard, Inc.*, 206 F.3d 1373, 1377 (11th Cir. 2000)). "Stated another way, a plaintiff may plead gross negligence by alleging facts that show a defendant failed to exercise 'slight care' in circumstances likely to result in injury." *Id.* (citing *Farrell v. Fisher*, 578 So. 2d 407, 409 (Fla. 4th DCA 1991)). Similarly, in the Eleventh Circuit:

> To hold a party liable for gross negligence, the district court must find that the defendant had knowledge of the existence of circumstances which constitutes a 'clear and

> present danger' and yet still undertakes 'a conscious, voluntary act or omission . . . which is likely to result in injury.'

*Central State Transit & Leasing Corp. v. Jones Boat Yard, Inc.*, 206 F.3d 1373, 1377 (11th Cir. 2000), quoting *Sullivan v. Streeter*, 485 So. 2d 893, 895 (Fla. 4th DCA 1986). A claim for gross negligence also requires a plaintiff to plead the existence of a legal duty. *See Lamm v. State Street Bank and Trust*, 749 F.3d 938, 947.

Here, Plaintiff's Complaint fails to allege facts sufficient establish any knowledge of the existence of circumstances by UAL that would constitute a "clear and present danger" to Plaintiff. As to UAL, the only fact alleged is that "a united airlines cargo can crossed directly in the path of the plane nearly causing a collision." (Compl. ¶ 10.) There is no allegation that UAL or its employee(s) were aware of the incoming flight, much less the danger presented in crossing the runway. Nor is there any allegation of a conscious or voluntary act by UAL or its employee(s) in merely operating the subject cargo van.

Further, and as to the allegation of a breach of duty, Plaintiff asserts a comingled duty of care owed by "Defendants" as "common carriers," but otherwise alleges only Frontier acted as a common carrier towards Plaintiff. On the facts as alleged, UAL was not acting as a common carrier with regard to Plaintiff. Consequently, Plaintiff's Complaint also fails to plead a duty owed by UAL to Plaintiff such that gross negligence could arise. Count One should be dismissed.

CASE NO. 6:20-cv-1448-ORL-78EJK

### 3. *Plaintiff's Count Two for Emotional Distress should be dismissed.*

Plaintiff's unspecified count for Emotional Distress fails to state a cause of action under Florida law. Although it is not entirely unclear whether Plaintiff is attempting to bring a cause of action for negligent infliction of emotional distress ("NIED") or intentional infliction of emotional distress ("IIED"), in either case Plaintiff cannot state a cause of action.[2]

In order to state a claim for negligent infliction of emotional distress a plaintiff must allege "mental or emotional harm (such as fright or anxiety) that is caused by the negligence of another and that is not directly brought about by a physical injury, but that may manifest itself in physical symptoms." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337–38 (11th Cir.2012) (quoting *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 544, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994)). In Florida, "the prerequisites for recovery for negligent infliction of emotional distress differ depending on whether the plaintiff has or has not suffered a physical impact from an external force." *Willis v. Gami Golden Glades, LLC*, 967 So. 2d 846, 850 (Fla. 2007) (citation omitted). The Florida Supreme Court has explained:

> If the plaintiff has suffered an impact, Florida courts permit recovery for emotional distress stemming from the incident during which the impact occurred, and not merely the impact itself. If, however, the plaintiff has not suffered an impact, the complained-of mental distress must be

---

[2] Count Two is vaguely titled, "Emotionall [sic] Distress", and only contains two sentences, making it somewhat unclear precisely what sort of cause of action Plaintiff is attempting to asset. Admittedly, Count Two does reference "negligence" as the purported "cause" of Plaintiff's "severe emotional distress," which suggests a cause of action for NIED. Nonetheless, and in an abundance of caution, UAL presents arguments to dismiss under both theories.

> manifested by physical injury, the plaintiff must be involved in the incident by seeing, hearing, or arriving on the scene as the traumatizing event occurs, and the plaintiff must suffer the complained-of mental distress and accompanying physical impairment within a short time of the incident.

*Id.* at 850 (internal quotation marks and citations omitted). Here, even assuming simply being "jerked forward and back and bounced up and down in her seat while she was buckled" could constitute a "physical impact," Plaintiff has not alleged sufficient psychic trauma or injury to rise to the level of NIED. At most, Plaintiff has made cursory allegations of "severe mental anguish, stress and emotional distress . . ." following the incident. (Compl. ¶ 18.) Although Plaintiff does allege certain neck and back pain, the allegations suggest these purported physical injuries were the result of the her jostling within the plane (and not a physical manifestation of psychological trauma). Thus, Plaintiff cannot establish a viable claim for NIED.

To properly assert a claim for IIED in Florida, Plaintiff must plead: "(i) deliberate or reckless infliction mental suffering (ii) by outrageous conduct; (iii) which conduct must have caused the suffering; and (iv) the suffering must have been severe." *Quezada v. Circle K Stores, Inc.*, No. 204CV190FTM33DNF, 2005 WL 1633717, at *2 (M.D. Fla. July 7, 2005). "Whether conduct is sufficiently outrageous or intolerable is a question of law." *Id.*

The Florida Supreme Court adopted the language of a comment to the Restatement (Second) of Torts to define what constitutes "outrageousness." *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278–79 (Fla. 1985). The Restatement, in turn, provides:

> Extreme and outrageous conduct . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Id.* (emphasis added; quoting Restatement at § 46). And in Florida, "even offensive and harmful conduct, such as accusing someone of committing a felony or making explicit racial slurs, has been held insufficient to satisfy the element of outrageousness." *Neeley v. Wells Fargo Financial, Inc.*, No. 8:12-cv-542-T-33AEP, 2012 WL 5949106, at *3 (M.D. Fla. Nov. 28, 2012) (Hernandez Covington, J.).

In contrast, the conduct asserted by Plaintiffs falls well short of that contended in a litany of other failed actions. *Cf. Williams v. City of Minnesota*, 575 So. 2d 683, 691 (Fla. 5th DCA 1991) (police officers displayed autopsy photos and videotape of the plaintiffs' brother and son, both at a dinner party and at the chief of police's desk); *Dependable Life Ins. Co. v. Harris*, 510 So. 2d 985, 988–89 (Fla. 5th DCA 1987) (insurance company agent threatened and harassed disabled policyholder in several "vicious verbal attack[s]"); *Dominguez v. Equitable Life Assurance Soc'y of U.S.*, 438 So. 2d 58, 61–62 (Fla. 3d DCA 1983), *decision approved sub nom. Crawford & Co. v. Dominguez*, 467 So. 2d 281 (Fla. 1985) (agent of insurance company intentionally made false statements to the disabled plaintiff that plaintiff was no longer disabled, that she received a letter from her eye doctor asserting such, that she was no longer covered under her policy, and that she should surrender the policy); *Kirkpatrick v. Zitz*, 401 So. 2d 850,

CASE NO. 6:20-cv-1448-ORL-78EJK

851 (Fla. 1st DCA), *dismissed sub nom. Transamerica Ins. Co. v. Kirkpatrick*, 411 So. 2d 385 (Fla. 1981) (insurer of pet store deliberately exposed plaintiff to death by directing pet store owner not to tell plaintiff that the skunk, which bit her in the pet store, was lost prior to rabies incubation period).

At most, Plaintiff alleges UAL crossed the runway in such a way that required Frontier's pilot to quickly brake to avoid a collision, and that she was "jerked forward and back and bounced up and down in her seat while she was still buckled." (Pl.'s Compl. ¶ 12.) This falls well short of the conduct required to plead IIED in Florida.

**C.     Conclusion**

Based on the foregoing, Plaintiff's Complaint should be dismissed. Plaintiff has not properly pleaded her claims against UAL as required by Rule 8(a), and has otherwise failed to state a cause of action against UAL in counts One and Two.

Dated:  10/26/2020

                                    Respectfully submitted,

                                    */s/ Carlos A. Garcia*
                                    Dennis M. O'Hara, Esquire (FBN148434)
                                    dohara@wickersmith.com
                                    Christopher J. Jahr (FBN 73066)
                                    Cjahr@wickersmith.com
                                    Carlos A. Garcia, Esquire (FBN99768)
                                    cagarcia@wickersmith.com
                                    WICKER SMITH O'HARA
                                      McCOY & FORD, P.A.
                                    515 E. Las Olas Boulevard
                                    SunTrust Center, Suite 1400
                                    Ft. Lauderdale, FL 33301
                                    Telephone:    (954) 847-4800
                                    Facsimile:    (954) 760-9353
                                    *Attorneys for United Airlines, Inc.*

CASE NO. 6:20-cv-1448-ORL-78EJK

## CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on October 26, 2020, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                     */s/ Carlos A. Garcia*
                                     Dennis M. O'Hara, Esquire
                                     Carlos A. Garcia, Esquire
                                     Christopher J. Jahr, Esquire

## SERVICE LIST

Marilyn Ramos
491 Noelwood Ct.
Ocoee, FL  34761
Telephone:       (407) 952-5755
Facsimile:
m.ramos.97474@gmail.com