98213-7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARILYN RAMOS                                CIRCUIT CIVIL DIVISION

    Plaintiff                                CASE NO. 6:20-cv-1448-ORL-78EJK

vs.

FRONTIER AIRLINES, INC. and
UNITED AIRLINES, INC.

    Defendants
_____/
_____/

**CASE MANAGEMENT REPORT**

The parties have agreed on the following dates and discovery plan pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 3.05(c):

| **DEADLINE OR EVENT** | **AGREED DATE** |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1))<br>[Recommended: 30 days after CMR meeting] | January 11, 2020 |
| Motions to Add Parties or Amend Pleadings<br>[Recommended: 1–2 months after CMR meeting] | January 18, 2021 |
| Disclosure of Expert Reports<br>Plaintiff:<br>Defendant:<br>[Recommended: 1–2 months before discovery deadline] | September 18, 2021 |
| Discovery Deadline<br>[Recommended: 6 months before trial; all discovery must be commenced in time to be completed before this date] | November 18, 2021 |
| Dispositive and *Daubert* Motions<br>[Required: 5 or more months before the trial term begins] | December 18, 2021 |
| Meeting In Person to Prepare Joint Final Pretrial Statement | April 8, 2022 |

1

| | |
|---|---|
| [Required: at least 10 days before Joint Final Pretrial Statement deadline] | |
| Joint Final Pretrial Statement (including a single set of jointly-proposed jury instructions and verdict form, voir dire questions, witness lists, and exhibit lists with objections on approved form)<br>[Recommended: 4 weeks before trial term begins] | April 18, 2022 |
| All Other Motions (including motions in limine and trial briefs)<br>[Required: 2 months before trial term begins] | March 1, 2022 |
| Trial Term<br>[Local Rule 3.05(c)(2)(E) recommends within two years on Track Two cases; trial term must be at least five months after the dispositive motion deadline;] | May 1, 2022 |
| Estimated Length of Trial [trial days] | 5 days |
| Jury/Non-Jury | Jury |
| Mediation:<br> Deadline: December 1, 2021<br>Mediator: To be determined within 60 days of service on Frontier Airlines, Inc.<br>Address: to be determined.<br><br>Telephone: to be determined.<br>[Recommended: 2–3 months after CMR meeting or just after discovery deadline; mediation is mandatory] | |
| Parties Consent to Proceed Before a Magistrate Judge | Yes___  No__x_ |

## I.   MEETING OF PARTIES IN PERSON

Lead counsel and any unrepresented parties must meet *in person* and not by telephone absent an order permitting otherwise. The meeting shall take place in the Middle District of Florida unless counsel and any unrepresented parties agree on a different location. Counsel and any unrepresented parties hereby certify that a meeting was held on the 18th day of November, 2020 and was attended by:

    Christopher Jahr                                Counsel for United Airlines, Inc.

| | |
|---|---|
| Jennifer Kenneally | Counsel for United Airlines, Inc. |
| Marilyn Ramos | Pro Se Plaintiff |

Due to the current public health crisis and social distancing requirements caused by the COVID pandemic the Parties attended a phone conference on November 18, 2020.

## II.   INITIAL DISCLOSURES

Federal Rule of Civil Procedure 26 provides that these disclosures are mandatory in Track Two and Track Three cases except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05 to the extent that Rule 3.05 opts out of the mandatory discovery requirements).

The parties agree to exchange information described in Rule 26(a)(1)(A)–(D) by January 11, 2020.

## III.   ELECTRONIC DISCOVERY

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Initial Disclosures, Section II above, and agree that (check one):

**X**  No party anticipates the disclosure or discovery of ESI in this case.

___ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:

1. The form or forms in which ESI should be produced.

2. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

3. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

4. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

5. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

6. Any issues relating to preservation of discoverable ESI.

7. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall file a separate motion for a protective order and attach a copy of the proposed order to the motion. The parties should attempt to agree on protocols that minimize the risk of waiver. Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F below on Confidentiality Agreements.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

If there are disputed issues specified above, or elsewhere in this report, then (check one):

\_\_\_ One or more of the parties request that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

> **If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Federal Rule of Civil Procedure 16(a).**

4

**X** - All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

### IV.     AGREED DISCOVERY PLAN

A.      **Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper—including emergency motion—is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

_____ Yes

__X___ No   Plaintiff will file her disclosure on or before December 18, 2020.

B.      **Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests via an electronic medium. *See* Local Rule 3.03(e).

### C.    Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A)(i); Fed. R. Civ. P. 31(a)(2)(A)(i); *see also* Local Rule 3.02. Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); *see also* Local Rule 3.03. Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). The parties may agree by stipulation on other limits on discovery. Fed. R. Civ. P. 29. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions – standard
2. Interrogatories– standard
3. Document Requests– standard
4. Requests to Admit– standard
5. Supplementation of Discovery – none at this time

### D.    Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

### E.    Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Rule 26(a)(2) and 26(e). Expert testimony

on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information contained in the written expert report or encompassed by the expert summary disclosed pursuant to Rule 26. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

### F.      Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and motions to file under seal are disfavored. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

7

G.   **Other Matters Regarding Discovery**

The parties agree as follows:

**None at this time.**

V.   SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

A.   **Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

\_\_\_\_\_ Yes—binding

\_\_\_\_\_ Yes—non-binding

\_\_\_x\_\_ No

B.   **Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case must participate in Court-annexed mediation as detailed in Chapter Nine of the Local Rules. The parties have agreed on a mediator as set forth in the table above, and they have agreed to the date stated in the table above as the last date for mediation. A list of Court approved mediators is available from the Clerk and is posted on the Court's web site at http://www.flmd.uscourts.gov. However, the parties may unanimously agree to use a mediator who is not on that list.

C.   **Settlement**

At any point during the pendency of this litigation, the parties may request a settlement conference before a United States Magistrate Judge by filing a motion with the Court. Settlement conferences may not be used as a substitute for mediation, and the parties must still designate a mediator and mediation deadline.

### D.     Other Alternative Dispute Resolution

The parties intend to pursue the following other method(s) of alternative dispute resolution:

None at this time.

Dated: December 18, 2020.

| | |
|---|---|
| */s/ Marilyn Ramos*<br>Marilyn Ramos<br>491 Noelwood Ct.<br>Ocoee, FL  34761<br>m.ramos.97474@gmail.com<br>Pro Se Plaintiff | */s/ Christopher J. Jahr*<br>Christopher J. Jahr, Esq.<br>FBN: 73066<br>Wicker Smith O'Hara McCoy & Ford, P.A.<br>515 E. Las Olas Blvd.<br>SunTrust Center, Suite 1400<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 847-4800<br>Facsimile:   (954)760-9353<br>cjahr@wickersmith.com<br>*Counsel for Defendant* |

9