UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARILYN RAMOS,

    Plaintiff,

vs.                                           CASE NO. 6:20-CV-1448-orl-78EJK

FRONTIER AIRLINES, INC. and
UNITED AIRLINES, INC.,

    Defendants.
_____/

## DEFENDANT FRONTIER AIRLINES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, and for its response to Plaintiff's Motion for Default to Dismiss (ECF No. 27), states as follows:

1. This matter arises from Plaintiff Marilyn Ramos's April 13, 2019 flight aboard Frontier Airlines, Inc. ("Frontier") Flight No. 1103. (*See* Compl. ¶¶ 1, 6.)

2. On April 14, 2019, Plaintiff submitted an informal complaint to Frontier through Frontier's website. Thereafter, Frontier, through counsel, communicated with Plaintiff's counsel regarding this matter until January 27, 2020, at which time Plaintiff's counsel withdrew his representation of Plaintiff. (*See* Affidavit of Brian T. Maye ("Maye Aff.") at ¶ 2, attached as Ex. A)

3. From February 5, 2020 until April 21, 2020, Frontier's counsel communicated with Plaintiff regarding the parties' respective positions in the case. (Maye Aff. at ¶ 3)

4. On January 22, 2021, counsel for Frontier was notified by Frontier that Plaintiff had filed a complaint and effectuated service on October 22, 2020, and that a motion for default had been filed on January 20, 2021. Frontier's counsel was never made aware that a complaint had been filed or that service had been effectuated until January 22, 2021. (Maye Aff. at ¶ 4)

5. On January 25, 2021, Frontier's counsel contacted Plaintiff to discuss her motion for default. Frontier's counsel did not engage in any communications with Plaintiff between April 21, 2020 and January 25, 2021. (Maye Aff. at ¶ 5)

6. Frontier's counsel recently confirmed that Frontier had been served with the complaint and service of process on October 22, 2020. However, when Frontier was served with the complaint and summons, it forwarded both to its insurer, instead of retained counsel. Frontier's retained counsel was never notified of the complaint until January 22, 2021. (Maye Aff. at ¶ 6)

7. Frontier was not aware that a responsive pleading had not been filed on its behalf in this matter until January 20, 2021. (Maye Aff. at ¶ 7)

8.     The court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Under Rule 60(b)(1), the court may relieve a party from a final judgment due to mistake, inadvertence, surprise, or excusable neglect. *Forster v. Narain*, No. 11-CV-61073-GAYLES/STRAUSS, 2020 U.S. Dist. LEXIS 120820, at *5-6 (S.D. Fla. July 7, 2020). Examinations of "good cause" and "excusable neglect" involve similar inquiries. *Id.* However, "[t]he excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default." *Id.*

9.     "Good cause" under Rule 55(c) is a liberal standard. *Sherrard v. Macy's Sys. and Tech.*, Inc., 724 F. App'x 736, 738 (11th Cir. 2018) (quotation and citation omitted); *see also Jones v. Harrell*, 858 F.2d 667, 668-69 (11th Cir. 1988) (affirming the district court's holding that "a bare minimum showing" will justify relief under Rule 55(c)). If a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, a court may decline to set aside a clerk's default. *Burgos v. Valleycrest Golf Course Maintenance*, Case No. 2:10-cv-194-FtM-29SPC, 2010 U.S. Dist. LEXIS 63474, 2010 WL 2243805, (M.D. Fla. June 4, 2010).

10.    The Eleventh Circuit has stated that "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.,* 328 F.3d 1291, 1295 (11th Cir.

2003). A motion is not required to set aside a default. Fed. R. Civ. P. 55(c). A court may *sua sponte* set a default aside for good cause. *Anheuser Bush, Inc. v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003). Opposition to a motion for default can also be treated as a motion to set aside the entry of default absent a formal motion. *Voter Verified, Inc. v. Premier Election Solutions, Inc.*, 2010 U.S. Dist. LEXIS 144569, at *15 (M.D. Fla. Mar. 18, 2010).

11.  "Good cause is determined on a case-by-case basis guided by several factors, including 'whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.'" *Intercontinental Hotels Group, Inc. v. Weis Builders*, 2007 U.S. Dist. LEXIS 67338, at *3-4 (N.D. Ga. Sept. 12, 2007) (*quoting Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)). To be meritorious, a defense must reflect that if it were proven at trial it would constitute a complete defense. *Id.* at *6 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)).

12.  These factors are not "talismanic," and courts have also considered whether the defaulting party took prompt corrective action after receiving notice of the entry of default, whether the public interest is implicated, and whether there is significant financial loss to the defaulting party. *Iso Claims Servs. v. Bradford Techs.*, 2009 U.S. Dist. LEXIS 136759 at *5 (M.D. Fla. Dec.

16, 2009). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside the default." *Compania Interamericana Export-Import, S.A.*, 88 F.3d at 951-52.

13. Here, the circumstances surrounding Frontier's failure to timely file a responsive pleading represents "good cause." Frontier had been communicating with Plaintiff in good faith until discussions ceased in April 2020. Frontier's counsel did not learn of the complaint and summons until January 22, 2021. Further, Frontier was not aware that its counsel had not been informed of the complaint and service of summons. It was only when Frontier had become aware of the pending motion for default that Frontier's counsel was informed of the complaint and summons. As soon as Frontier became aware of its failure to file a responsive pleading, Frontier's counsel filed a responsive pleading.

14. There is no evidence that Frontier's failure to file a timely response to the complaint was willful or reckless. *See Scrocco v. City of Holmes Beach*, No. 8:18-cv-1163-T-36AAS, 2019 U.S. Dist. LEXIS 105900, at *2-3 (M.D. Fla. June 25, 2019) (The defendants' failure to timely respond to the complaint is neither willful nor constitutes a reckless disregard for the judicial process.). The circumstances of Frontier's failure to file a timely responsive pleading was an oversight that has not prejudiced Plaintiff. Indeed, the action has been

pending for a limited period of time, there has been limited written discovery, and United's initial responsive pleading (motion to dismiss) has not yet been fully brief. *Id.* ("Setting aside the default would not prejudice [plaintiff] because the action has been pending slightly over a year with minimal prosecution.").

15. Accordingly, good cause exists to deny Plaintiff's Motion for Default.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully prays that this Honorable Court deny Plaintiff's Motion for Default, and for any other relief this Court deems necessary and proper.

Date: February 3, 2021                                    Respectfully submitted,
                                                          **FRONTIER AIRLINES, INC.**


                                                          By: */s/* William Boltrek III
                                                             One of Its Attorneys

                                                          William Boltrek III, Esquire
                                                          Florida Bar Number: 100901
                                                          William.BoltrekIII@henlaw.com
                                                          HENDERSON, FRANKLIN, STARNES & HOLT, P.A.
                                                          1715 Monroe Street
                                                          Fort Myers, FL 33901
                                                          (239) 344-1100 Telephone
                                                          (239) 344-1501 Facsimile
                                                          *Counsel for Defendant Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 3, 2021, I caused the foregoing to be electronically filed with the United States District Court for the Middle District of Florida using the CM/ECF system.

By: */s/* William Boltrek III

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:20-CV-1448-orl-78EJK

MARILYN RAMOS,

    Plaintiff,

vs.

FRONTIER AIRLINES, INC. and
UNITED AIRLINES, INC.,

    Defendants.
_____/

## DECLARATION OF BRIAN T. MAYE

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. My name is Brian T. Maye. I am over 18 years of age, and have personal knowledge of the facts set forth in this Declaration. I am an attorney and partner with the law firm of Adler Murphy & McQuillen LLP. I represent Frontier Airlines, Inc. ("Frontier"), a named defendant in the above-captioned matter. I make this Declaration based upon my personal knowledge and in support of Frontier's Response to Plaintiff's Motion for Default.

2. On April 14, 2019, Plaintiff submitted an informal complaint to Frontier through Frontier's website. Thereafter, Frontier, through counsel, communicated with Plaintiff's counsel regarding this matter until January 27, 2020, at which time Plaintiff's counsel withdrew his representation of Plaintiff.

3. From February 5, 2020 until April 21, 2020, Frontier's counsel communicated with Plaintiff regarding the parties' respective positions in the case.

4. On January 22, 2021, counsel for Frontier was notified by Frontier that Plaintiff had filed a complaint and effectuated

service on October 22, 2020, and that a motion for default had been filed on January 20, 2021. Frontier's counsel was never made aware that a complaint had been filed or that service had been effectuated until January 22, 2021.

5. On January 25, 2021, Frontier's counsel contacted Plaintiff to discuss her motion for default. Frontier's counsel did not engage in any communications with Plaintiff between April 21, 2020 and January 25, 2021.

6. Frontier's counsel recently confirmed that Frontier had been served with the complaint and service of process on October 22, 2020. However, when Frontier was served with the complaint and summons, it forwarded both to its insurer, instead of retained counsel. Frontier's retained counsel was never notified of the complaint until January 22, 2021.

7. Frontier was not aware that a responsive pleading had not been filed on its behalf in this matter until January 20, 2021.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: February 3, 2021

Brian T. Maye